UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 01-4390-CIV-UNA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

37.5 ACRES OF LAND IN DADE COUNTY,
FLORIDA, *et al.*,

    Defendants.
_____/

### ORDER DENYING VERIFIED MOTION TO DISQUALIFY

THIS CAUSE came before the Court upon Defendant George May's Motion to Disqualify **(D.E. No. 40)**, filed on **March 9, 2010**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

Defendant George May is seeking to disqualify Judges William Zloch, William Turnoff and the undersigned over a case that was concluded four years ago. He also seeks disqualification of Land Commissioners Madelyn Lozano, Richard A. Wood, and Kevin J. Murray, who filed a Report and Recommendation as to this land condemnation on January 26, 2006. In that proceeding, no one appeared on behalf of the landowners. No objections were filed as to the Land Commissioners' Report and Recommendation. Judge Zloch adopted the Report and entered judgment on March 20, 2006. Almost four years later, Mr. May filed a motion for order to show cause why the judgment should not be vacated, which Judge Turnoff scheduled for hearing. Again, no one on behalf of the

landowners appeared at Judge Turnoff's hearing on February 11, 2010. Judge Turnoff denied the motion.

Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe them *in pari materia*. *Ray v. Equifax Information Servs., LLC*, 2009 WL 977313, *3 (11th Cir. April 13, 2009). Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality. *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000). Mr. May does not meet his burden as there is objectively reasonable basis for questioning the impartiality of the three Land Commissioners and the three Judges involved in this case.

Putting aside that Mr. May fails to meet his burden, the motion's mere timing is enough to warrant denial. Courts have construed the timeliness requirement of the recusal statutes to demand that a party raise the disqualification issue at the earliest moment after discovery of the facts supporting recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (holding motion for recusal filed weeks after conclusion of trial was untimely, absent a showing of good cause for tardiness). Here, there certainly is no reason to entertain a motion filed four years after judgment is entered.

Accordingly, the Court denies the motion for the reasons stated. The Court also finds the motion in violation of Judge Zloch's October 1, 2002 Order, which directed Mr. May not to file documents in the Southern District of Florida without first posting a $1,500 contempt bond and filing a notarized affidavit certifying his compliance with the order.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of April, 2010.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

-3-

Copies provided to:

Counsel and Parties of Record